# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2020

Lyle W. Cayce
Clerk

No. 19-20777
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS LEON PINA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-81-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Luis Leon Pina appeals his conviction under 8 U.S.C. § 1326 for illegally reentering the United States following deportation after conviction of a felony. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), he contends that his prior removal does not satisfy the removal element of § 1326 because the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20777

notice to appear did not state the date or time of the removal hearing.  In *United States v. Pedroza-Rocha*, 933 F.3d 490, 497-98 (5th Cir. 2019), *cert. denied*, 2020 WL 2515686 (U.S. May 18, 2020) (No. 19-6588), we relied on *Pierre-Paul v. Barr*, 930 F.3d 684, 688-89 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779), to conclude that (1) a notice to appear that lacked the date and time of the removal hearing was not defective, (2) any defect was cured by the subsequent service of a notice of hearing, and (3) the purported defect was not jurisdictional.  Additionally, we held that the defendant could not collaterally attack the notice to appear without first exhausting administrative remedies.  *Pedroza-Rocha*, 933 F.3d at 498.  Conceding that *Pedroza-Rocha* and *Pierre-Paul* foreclose his claim, Pina raises it to preserve it for further review.

The Government has filed an unopposed motion for summary affirmance, which is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Because Pina correctly concedes that his claim is foreclosed by *Pierre-Paul* and *Pedroza-Rocha*, the motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.